# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HAMIN DIXON,

      Petitioner,                        Civil No. 2:14-CV-11895
                                            HONORABLE SEAN F. COX
                                            UNITED STATES DISTRICT COURT

v.

DUNCAN MACLAREN,

      Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

       Hamin Dixon, ("Petitioner"), incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.§ 2254.  In his *pro se* application, petitioner challenges his conviction for delivery of cocaine, M.C.L.A. 333.7401(2)(a)(iv); and being a third felony habitual offender, M.C.L.A. 769.11. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).  For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed.

## I.  Background

       Petitioner pleaded guilty to the above charge in the St. Clair County Circuit Court. Petitioner was sentenced on October 15, 2004 to one and a half to forty years in prison.

1

Petitioner, by his own admission, did not appeal his conviction to the Michigan Court of Appeals or Michigan Supreme Court.

On May 23, 2012, Petitioner filed a post-conviction motion for relief from judgment with the trial court. After the trial court and the Michigan Court of Appeals denied Petitioner post-conviction relief, collateral review of Petitioner's conviction ended in the state courts on May 28, 2013, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his post-conviction motion. *People v. Dixon,* 494 Mich. 854; 830 N.W. 2d 764 (2013).

On May 2, 2014, Petitioner filed the current petition for writ of habeas corpus. [1]

## II. Discussion

Respondent filed a motion for summary judgment pursuant to 28 U.S.C. § 2244(d). [2]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R.

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on May 2, 2014, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

[2] Respondent suggests that this Court decline to review this case under the concurrent sentence doctrine, because petitioner is serving several lengthy sentences in other cases. The concurrent sentence doctrine allows a federal court to decline to review habeas corpus petitions "which challenge criminal convictions that have resulted in sentences, and other collateral consequences, which are wholly subsumed by those conferred by other unassailable convictions." *Wilson v. Straub,* 185 F. Supp. 2d 766, 769 (E.D. Mich. 2002)(internal quotation omitted). However, a federal district court should exercise its discretion to decline to review a habeas claim under the concurrent sentence doctrine only in cases where it is clear that there are no collateral consequences to the petitioner and the issue does not involve a significant question that merits consideration. *Id.* The Court declines to invoke the concurrent sentence doctrine because respondent made no effort to demonstrate a lack of collateral consequences attaching to petitioner's conviction. *See Pillette v. Berghuis,* 408 F. App'x 873, 886, n. 8 (6th Cir. 2010).

Civ. P. 56(c).  To defeat a motion for summary judgment, the non-moving party must set

forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his

favor. *Id.*  The summary judgment rule applies to habeas proceedings. *See Redmond v.

Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed

into law on April 24, 1996, amended the habeas corpus statute in several respects, one of

which was to mandate a statute of limitations for habeas actions.  28 U.S.C. § 2244(d)

imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed
> if the applicant was prevented from filing by such State action;
> (C)   the date on which the constitutional right asserted was originally
> recognized by the Supreme Court if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to cases on collateral review;
> or
> (D)  the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars

relief absent a showing that the petition's untimeliness should be excused based on equitable

tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009).  A

petition for writ of habeas corpus must be dismissed where it has not been filed within the

one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D.

3

Mich. 2001). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

The Court must initially determine when Petitioner's conviction became "final", in order to determine when the limitations period began running. *See Williams v. Wilson,* 149 Fed. Appx. 342, 345 (6th Cir. 2005). For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 F. App'x 111, 114 (6th Cir. 2002).

Petitioner was sentenced on October 15, 2004. At the time of Petitioner's conviction, he had twelve months after his sentence pursuant to M.C.R. 7.205(F)(3) to file a delayed application for leave to appeal. [3] Because Petitioner never filed a direct appeal from his conviction and sentence, his judgment of sentence became finalized, for the purposes of § 2244(d)(1)(A), one year after the sentencing, when the one year time limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to M.C.R. 7.205(F)(3). *See Williams v. Birkett,* 670 F. 3d 729, 731 (6th Cir. 2012). Petitioner's conviction became final on October 15, 2005. Petitioner had until October 15, 2006 to timely file a petition for writ of habeas corpus with this Court, unless the limitations period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment on May 23, 2012, after the one year limitations period had already expired. A state court post-conviction

---

[3] In June of 2011, M.C.R. 7.205(F)(3) was amended to require that any delayed application for leave to appeal be filed with the Michigan Court of Appeals within six months of the judgment of sentence. M.C.R. 7.205(F)(3).

4

motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Therefore, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations and the instant petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

Although Petitioner does not specifically address the statute of limitations issue, he claims in his petition that the trial court and his trial counsel failed to inform him of his right to appeal and his right to the appointment of appellate counsel.

The alleged actions of a state trial court in failing to give a habeas petitioner notice of his appeal rights at sentencing or failing to appoint counsel to perfect a belated appeal are not extraordinary circumstances that would justify tolling the limitations period. *See Miller v. Cason,* 49 F. App'x 495, 497 (6th Cir. 2002).

Moreover, at some point, Petitioner's father went to the St. Clair County Circuit Court Administrator's Office and requested forms to request court-appointed appellate counsel. On July 7, 2005, the Circuit Court Administrator's Office mailed to Petitioner forms to request the appointment of appellate counsel, which was within the one year time frame under M.C.R. 7.205(F) for filing a direct appeal.  There is no indication that Petitioner returned these forms to the St. Clair County Circuit Court in a timely fashion.  Moreover, Petitioner does not explain why he waited almost seven more years before filing his post-conviction motion for relief from judgment with the trial court.  In *Miller v. Cason,* 49 F. App'x at 497, the Sixth Circuit held that the alleged actions by the state trial court in failing to give petitioner notice of his appeal rights at sentencing, by not timely appointing counsel to perfect a belated appeal, and by delaying the preparation of the trial transcripts for an unspecified amount of time did not toll the limitations period.  Although acknowledging that these actions may have interfered with the petitioner's direct appeals in the state courts in the early 1990's, the Sixth Circuit held that petitioner was not entitled to equitable tolling because he failed to explain why these actions prevented him from filing his habeas petition until 2001.  Other cases have reached similar conclusions. *See e.g. Steward v. Moore*, 555 F. Supp. 2d 858, 871-72 (N.D. Ohio 2008)(petitioner was not entitled to equitable tolling of limitations period for filing habeas petition challenging his conviction, on grounds that trial court and counsel failed to advise petitioner of appellate rights, since petitioner failed to establish that he had been diligent in pursuing his right to file a habeas petition or that failure to timely file his habeas petition resulted from circumstances entirely beyond his control).

6

Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue or show that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is also inapplicable, in light of the fact that petitioner pleaded guilty to the charge that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have

7

confidence in the outcome" of his guilty plea. *See Connolly v. Howes,* 304 F. App'x 412, 419 (6th Cir. 2008). Any actual innocence claim is also unpersuasive in light of Petitioner's unexplained lengthy delay in pursuing his state and federal post-conviction remedies. *See Freeman v. Trombley,* 483 Fed. Appx. 51, 64-65 (6th Cir. 2012).

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny Petitioner leave to appeal

*in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d

791, 798 (E.D. Mich. 2001).

## V.  ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DENIED**.

The Court further **DENIES** a certificate of appealability.

The Court further **DENIES** petitioner leave to appeal *in forma pauperis*.


Dated:  April 1, 2015                        S/ Sean F. Cox
                                             Sean F. Cox
                                             U. S. District Judge


I hereby certify that on April 1, 2015, the foregoing document was served on counsel of
record via electronic means and upon Hamin Dixon via First Class mail at the address below:

HAMIN DIXON
451781
KINROSS CORRECTIONAL FACILITY
16770 S. WATERTOWER DRIVE
KINCHELOE, MI 49788


                                             S/ J. McCoy
                                             Case Manager